# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

APPLIED BANK                              )
                                          )
    Plaintiff,                             )
                                          )
                                          )
    v.                                    )   C.A. No. N17C-03-049 MMJ
                                          )
JHL BRIGHTON DESIGN and                   )
  DÉCOR CENTER, LLC and                   )
JENNIFER SOLT,                            )
                                          )
    Defendants                            )

Submitted: January 3, 2018
Decided: January 17, 2018

On Defendants' Motion for Reargument
**DENIED**

On Defendant's Motion to Strike Plaintiff's Response to
Defendant's Motion for Reargument
**DENIED**

## **ORDER**

JOHNSTON, J.

1. By Order dated December 14, 2018, the Court granted Plaintiff's unopposed Motion to Deem Service Perfected.

2. Defendant has moved for reargument. Defendants contends that the Court erred by deviating from the service procedures mandated by 10 *Del. C.* §3104 and Superior Court Civil Rule 4(f).

3. The Court deemed service perfected. Plaintiff presented a certified mail receipt, evidencing that the Writ for service was mailed to Defendant's last known address. Although no executed green card was received, the service package was not returned. The USPS Tracking document states that the package was sent to Defendant's address on March 21, 2017. Additionally, counsel for Plaintiff informed the Court that the parties had communicated for the purpose of resolving the litigation,[1] evidencing that Defendant had actual knowledge of the lawsuit.

4. "When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court."[2] The Court finds that the undisputed evidence presented by Plaintiff constitutes "other evidence of personal delivery to the addressee satisfactory to the court." It is noteworthy that Defendant's Motion for Reargument does not assert that Defendant did not receive a copy of the complaint by certified mail. Further, Defendant's Motion does not refute Plaintiff's assertion that Defendant had actual notice of the lawsuit.

5. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[3] Reargument usually will be

---

[1] The *fact* that the parties engaged in settlement discussions is not inadmissible under Delaware Rule of Evidence 408, which prohibits evidence of *conduct or statements* made in compromise negotiations.

[2] 10 *Del. C.* §3104(e).

[3] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969).

denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[4] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[5] Plaintiff's Motion to Deem Service Perfected was unopposed. New arguments may not be presented for the first time in a motion for reargument.[6]

6. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** Defendants' Motion for Reargument is hereby **DENIED.** Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Reargument is hereby **DENIED AS MOOT.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[4] *Ferguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super.).

[5] *Wilmington Trust Co. v. Nix*, 2002 WL 356371, at *1 (Del. Super.).

[6] *Oliver v. Boston University*, 2006 WL 4782232, at *1 (Del. Ch.).